UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEANDRO OLIVIERA XAVIER,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No. 1:26-cv-03550-DAD-CKD

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING REMAINING MOTIONS AS MOOT

(Doc. Nos. 1, 2, 3, 8, 11, 12, 13, 16)

On May 8, 2026, petitioner filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2) and a motion for temporary restraining order (Doc. No. 3). On May 12, 2026, respondents filed a motion to dismiss.[1] (Doc. No. 8.) Therein, respondents argued that petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(2) because petitioner was ordered removed on March 31, 2026, and did not appeal that order. (*Id.* at 2.)

/////

[1] Respondents argue, among other things, that the petition should be dismissed because petitioner had another pending *habeas* petition in this district titled *Xavier Oliviera v. Albarran*, 1:25-cv-01760-WBS-AC ("*Xavier Oliviera I*"). (Doc. No. 8 at 1.) That petition was voluntarily dismissed on May 26, 2026. (*Xavier Oliviera I* Doc. No. 25.)

On August 18, 2026, petitioner filed a notice of material developments in which he stated that his removal proceedings were re-opened on July 29, 2026. (Doc. No. 11 at 1, 4.) On September 8, 2026, petitioner filed a motion for ruling (Doc. No. 12) and on September 22, 2026, petitioner filed a new motion for temporary restraining order (Doc. No. 13).

On September 23, 2026, respondents filed a response to petitioner's second motion for temporary restraining order. (Doc. No. 15.) Therein, respondents state that they do not oppose the court ruling on the merits of the *habeas* petition without further briefing. (*Id.* at 1.)

Based on the parties/ briefing, the court finds the following facts. Petitioner entered the United States and was detained by ICE on December 15, 2024. (Doc. No. 15 at 6.) Petitioner was released from immigration detention on January 14, 2025 pursuant to 8 U.S.C. § 1182(d)(5) and enrolled in Alternatives to Detention ("ATD") and the Intensive Supervision Appearance Program ("ISAP"). (*Id.* at 6, 13–14.) Petitioner was re-detained on December 4, 2025. (*Id.* at 7.) On January 7, 2026, the immigration court denied petitioner bond for lack of jurisdiction. (*Id.* at 26.) On March 31, 2026, petitioner's asylum application was denied and he was ordered removed to Brazil but granted withholding of removal. (Doc. No. 8 at 6–9.) On July 29, 2026, petitioner's motion to reopen was granted (Doc. No. 11 at 4–5), and petitioner was granted asylum on September 14, 2026 (Doc. No. 13 at 16–17).

Respondents now argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) (Doc. No. 15 at 3), presumably in light of the developments in petitioner's immigration proceedings which have occurred since respondents filed their initial motion to dismiss on May 12, 2026.

"[I]f the BIA grants a motion to reopen, or a reviewing court holds that the BIA should have granted a motion to reopen, the final deportation order is vacated—that is, it is as if it never occurred." *Bonilla v. Lynch*, 840 F.3d 575, 589 (9th Cir. 2016). Petitioner is no longer subject to a final removal order because his motion to reopen was granted. *See Alebw v. Hernandez*, No. 3:26-cv-00228-SLG, 2026 WL 1816166 (D. Alaska June 24, 2026) (finding that the petitioner's removal order was not administratively final because his motion to reopen was recently granted).

/////

In light of respondent's admission that petitioner was previously paroled, the court incorporates and adopts the reasoning set forth in its prior order *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) and *Abreu-Guerrero v. Chestnut*, No. 1:26-cv-06959-DAD-SCR, 2026 WL 2664618 (E.D. Cal. Sept. 10, 2026). Accordingly, the court will grant petitioner's petition for writ of *habeas corpus*.

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    i. Respondents are ORDERED to immediately release petitioner Leandro Oliviera Xavier, A-File No. 249-494-238, from respondent's custody on the same conditions he was subject to prior to his re-detention;
    ii. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motions for temporary restraining order (Doc. Nos. 3, 13, 16), motion for immediate release (Doc. No. 11) and motion for ruling (Doc. No. 12), respondents' motion to dismiss (Doc. No. 8) are hereby DENIED as having been rendered moot by this order granting petitioner *habeas* relief;
2. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verda Detention Center; and

/////

/////

/////

3. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 25, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE